UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Fredrick Y. Culp, # 303857, | ) C/A No. 5:13-1342-JFA-KDW |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) REPORT AND RECOMMENDATION |
| Dr. Alewine, South Carolina Dept of Corrections; | ) (Partial Summary Dismissal) |
| Doctor Petite, at Richland Mem.; | ) |
| Doctor Bearden, at Richland Mem.; | ) |
| Doctor John Doe, at Richland Mem.; | ) |
| Dr. John Pate, Doctor at Lee C.I.; | ) |
| Dr. Amonitti, Doctor at Ridgeland C.I.; | ) |
| Yvonne McDonald, Nurse at Lee; | ) |
| Michelle Ussemy, Nurse at Kershaw C.I.; | ) |
| Paul Drago, Nurse Prac. at Kershaw; | ) |
| Nurse Davis, at Ridgeland, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This is a civil action filed pro se by a state prison inmate.  Pursuant to 28 U.S.C. §636(b)(1),

and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized

to review all pretrial matters in such pro se cases and to submit findings and recommendations to

the district court.  *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district

courts should review prisoner cases to determine whether they are subject to summary dismissal).

**BACKGROUND**

Fredrick Y. Culp ("Plaintiff") is an inmate at Ridgeland Correctional Institution, part of the

South Carolina Department of Corrections ("SCDC") prison system. He alleges that he has been

subjected to excessive delay in obtaining follow-up and/or additional medical care; unreasonable,

unprofessional behavior; and retaliatory transfer from institution to institution by a number of

SCDC medical personnel following by-pass surgery that was performed at Palmetto Health

Richland Memorial Hospital ("Richland Memorial Hospital") in 2005. He alleges that errors were made by the Defendant surgeons during the by-pass surgery that have resulted in continuing pain and discomfort that the SCDC Defendants refuse to treat or even acknowledge. According to Plaintiff, rather than treat his numerous health problems, the SCDC Defendants accuse him of being a "drug seeker," and have him transferred from institution to institution in retaliation for his attempts to obtain adequate medical care. Plaintiff asks for injunctive relief, compensatory damages, and exemplary damages. *See* Compl., ECF No. 1.

## INITIAL REVIEW

Under established local procedure in this judicial district, the court has carefully reviewed Plaintiff's pro se Complaint. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996 ("PLRA"), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). However, even under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal as to three Defendants under the provisions of

28 U.S.C. § 1915(e)(2)(B). *See also Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (noting requirement of liberal construction does not mean court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court).

## **DISCUSSION**

In response to the court's Order, Plaintiff provided detailed information regarding those he seeks to sue in this matter, identifying Doctors Petite, Bearden, and John Doe ("Doe") as having been involved in his by-pass surgery performed at Richland Memorial Hospital. Initially, the undersigned recommends the Complaint be summarily dismissed as to these three Defendants because there are no allegations from which it may be determined that they qualify as "state actors" who may be liable for damages pursuant to 42 U.S.C. § 1983.[1] In order to state a claim for relief under § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). A nominally private entity or person can be treated as a state actor when the entity or person is controlled by an "agency of the State," *Pennsylvania v. Board of Directors of the City Trusts of Philadelphia*, 353 U.S. 230, 231 (1957); when it or he/she has been delegated a public

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-32 (1989). "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added). No other viable basis for the exercise of this court subject matter jurisdiction over Plaintiff's allegations is evident from the face of the Complaint.

function by the state, *West v. Atkins*, 487 U.S. 42, 56 (1988); *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 627-8 (1991); or when it or he/she is "entwined with governmental policies," or when government is "entwined in [its] management or control," *Evans v. Newton*, 382 U.S. 296, 299 (1966).

Plaintiff does not allege that either the Richland Memorial Hospital or the three physicians who operated on him there in 2005 are sufficiently involved with the state of South Carolina to be considered a state actor. The allegations about the performance of one surgery on one SCDC prisoner do not even sufficiently raise a fact issue about the nature of any "entwining" of the hospital, its physicians, or SCDC and its prisoners, much less show that there was enough connection and control to make them "state actors." As a result, no plausible § 1983 claim is stated against Defendants Doctor Petite, Doctor Bearden, or Doctor Doe, and the Complaint should be partially summarily dismissed as to them.

Moreover, even assuming, *arguendo*, that Defendants Petite, Bearden, and Doe performed enough surgery on SCDC prisoners and had a sufficiently close relationship with SCDC overall to be considered "state actors" for the purpose of § 1983, *see West v. Atkins*, 487 U.S. at 56 (noting that a nominally private entity can be treated as a state actor when the entity has been delegated a public function by the state), because only medical malpractice is alleged against them, it remains appropriate that the Complaint be partially summarily dismissed as to these three Defendants. Regarding medical care, a prisoner seeking compensation in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence *deliberate indifference to serious medical needs*." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (emphasis added). In *Estelle*, the prisoner contended that other examinations should have been conducted by the prison's medical staff and that X-rays

4

should have been taken that were not. The Supreme Court pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Estelle*, 429 U.S. at 105. "Although the Constitution does require that prisoners be provided with a certain *minimum level of medical treatment*, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988) (emphasis added). Although the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. *Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga. 1994) (collecting cases).

Under *Estelle*, any failure of Defendant Doctors Petite, Bearden, and Doe to provide Plaintiff with an error-free surgery does not rise to the level of compensable constitutional violations. The facts alleged do not show deliberate indifference. *Estelle*, 429 U.S. at 105. In *Lamb v. Maschner*, 633 F. Supp. 351 (D. Kan. 1986), the district court ruled that the proper inquiry for indifference is whether the prison or jail provided *any* treatment, and that the plaintiff's agreement or disagreement with the nature and extent of treatment provided is irrelevant:

> Even though plaintiff and defendants have a differing opinion as to the proper treatment to be received by plaintiff, this does not in and of itself state a constitutional violation. *See Smart v. Villar*, 547 F.2d 112 (10th Cir. 1976). Therefore, the key question in this case is whether the defendants have provided plaintiff with some kind of treatment, regardless of whether it is what plaintiff desires.

*Lamb*, 633 F. Supp. at 353; *see Walker v. Peters*, 863 F. Supp. 671 (N.D. Ill.1994) (under *Farmer v. Brennan*, "mere disagreements between doctor and patient about the course of treatment do not reflect "deliberate indifference" on the part of the former, although if the patient is right he or she might have a common law (not a constitutional) claim for medical malpractice"). For a claimant to prevail on such a claim, "the need must be both apparent and serious, and the denial of attention must be both deliberate and without legitimate penological objective." *Grayson v. Peed*, 195 F.3d

692, 695 (4th Cir. 1999). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Id*. at 695.

In this case, Plaintiff's allegations show that Defendant Doctors Petite, Bearden, and Doe provided Plaintiff with medical care for the heart problems that he was having at that time. Although Plaintiff avers they made mistakes in the surgery with respect to removing a vein in his leg that now causes him additional problems, the facts regarding the surgery and Plaintiff's follow-up care was turned over to SCDC personnel show, at most, medical malpractice or negligence on the part of these Defendant Doctors. *See, e.g.,* Compl. 3 (averring surgeons "inadvertently or mistakenly removed a vein from [Plaintiff's] leg that they were not suppose[d] to [remove]."). In light of the allegations showing the considerable amount of medical care and treatment that Plaintiff received from Defendant Doctors Petite, Bearden, and Doe, no viable medical indifference/Eighth Amendment claim is stated in this Complaint against these three Defendants.

It is well settled that negligent or incorrect medical treatment (medical malpractice) is not actionable under 42 U.S.C. § 1983. *Estelle*, 429 U.S. at 106. Negligence, in general, is not actionable under 42 U.S.C. § 1983. *Daniels v. Williams*, 474 U.S. 327, 328-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); *see Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (applying *Daniels* and *Ruefly*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Also, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. *See, e.g.*, *Brooks v. Celeste*, 39 F.3d 125 (6th Cir. 1994) (Although several courts prior to the Supreme Court's decision in *Farmer v. Brennan* held that "repeated acts of negligence could by themselves constitute deliberate indifference, *Farmer* teaches otherwise."); *Sellers v. Henman*, 41 F.3d 1100

6

(7th Cir. 1994) ("If act A committed by the X prison shows negligence but not deliberate indifference, and B the same, and likewise C, the prison is not guilty of deliberate indifference."); *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990).

Claims of negligence and medical malpractice are actionable under South Carolina law, but they should be brought only in state court unless diversity of citizenship is present. *See* S.C. Code Ann.*,* § 15-78-30(a) (South Carolina Torts Claims Act governs negligence actions against a state official or employee); *Browning v. Hartvigsen*, 414 S.E.2d 115, 116-18, 116 n.1, 117 n.2 (S.C. 1992); *see also Willis v. Wu*, 607 S.E.2d 63 (S.C. 2004) (malpractice action against non-governmental medical personnel pursued under the state's general tort law). If there is diversity of citizenship and over $75,000 in controversy in a medical malpractice case, it can be heard in this court pursuant to its diversity jurisdiction. No diversity jurisdiction is available in this case because Plaintiff and all Defendants are South Carolina residents. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). As a result, because Plaintiff has not pleaded facts sufficient to show deliberate indifference to his medical needs against Defendant Doctors Petite, Bearden, and Doe, and because there is no basis on which this court could consider a malpractice claim against them under diversity jurisdiction,[2] this case is subject to partial summary dismissal without the issuance of process for Defendant Doctors Petite, Bearden, and Doe.

---

[2] Further, it is not recommended that the court exercise supplemental jurisdiction, *see* 28 U.S.C. § 1367, because of the doubtful "common nucleus of operative fact" between the claims against Defendant Doctors Petite, Bearden, and Doe and claims against the remaining SCDC Defendants. Claims against the other Defendants arise from an allegedly excessive delay in medical care and from allegedly retaliatory prison transfers unrelated to the claims regarding Plaintiff's by-pass surgery. *See* 28 U.S.C. § 1367; *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

## <u>RECOMMENDATION</u>

Accordingly, it is recommended that Plaintiff's Complaint be partially dismissed *without prejudice* as to Defendants Petite, Bearden, and Doe only.  *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). The Complaint should be served on the remaining Defendants.

IT IS SO RECOMMENDED.

July 8, 2013                                    Kaymani D. West
Florence, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).