UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Fredrick Y. Culp, | ) | C/A No. 5:13-1342-JFA-KDW |
|                       Plaintiff, | ) | |
| vs. | ) | ORDER |
| Dr. Alewine, South Carolina Department of Corrections; Dr. Petite at Richland Memorial; Dr. Bearden at Richland Memorial; Dr. John Doe at Richland Memorial; Dr. John Pate, Doctor at Lee Correctional Institution; Dr. Amonitti, Doctor at Ridegland Correctional Institution; Yvonne McDonald, Nurse at Lee Correctional Institution; Michelle Ussemy, Nurse at Kershaw Correctional Institution; Paul Drago, Nurse Practitioner at Kershaw Correctional Institution; and Nurse Davis at Ridgeland Correctional Institution. | ) | |
|                       Defendants. | ) | |

The *pro se* plaintiff, Fredrick Culp, brings this pursuant to 42 U.S.C. § 1983 raising various claims complaining of his medical care after his heart by-pass surgery and during his incarceration. The plaintiff seeks injunctive relief, as well as compensatory damages.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that defendants Dr. Petite, Dr. Bearden, and Dr. Doe should be

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

dismissed as defendants in this action. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on July 8, 2013. However, the plaintiff did not file objections and the time within which to do so has now expired. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

As the Magistrate Judge notes, defendants Petite, Bearden and Doe were the physicians involved in the plaintiff's 2005 by-pass surgery performed at Richland Memorial Hospital. The plaintiff makes no allegations from which it may be determined that these three defendant qualify as "state actors" for purposes of § 1983 liability. As such, the Magistrate Judge recommends their dismissal and this court agrees.

The Magistrate Judge also properly suggests that negligent or incorrect medical treatment or medical malpractice is not actionable under § 1983. Moreover, there is no diversity jurisdiction here because the plaintiff and named defendants are South Carolina residents. The Magistrate Judge recommends that this court not exercise supplemental jurisdiction over the plaintiff's potential state law claims.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation proper and incorporates it herein by reference.

Accordingly, defendants Dr. Petite, Dr. Bearden, and Dr. Doe are dismissed from this action without prejudice. As the Magistrate Judge has authorized service of process on the remaining defendants, this matter shall be returned to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

August 20, 2013
Columbia, South Carolina

3