UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Fredrick Y. Culp, a.k.a., Fredrick Yvonne Culp,<br><br>              Plaintiff,<br><br> v.<br><br>Dr. Alewine, Dr. Amonitti, Nurse Davis, Paul Drago, Yvonne McDonald, Michelle Ussemy, John Pate,<br><br>              Defendants. | C/A No. 5:13-cv-01342-JFA-KDW<br><br><br>ORDER |

Plaintiff, an inmate with the South Carolina Department of Corrections ("SCDC"), filed this 42 U.S.C. § 1983 action alleging Defendants violated his constitutional rights. This matter is before the court on the Motion to Dismiss for Failure to State a Claim filed by Defendant Pate, on November 27, 2013. ECF No. 54. As Plaintiff is proceeding pro se, the court entered a *Roseboro* order[1] on December 2, 2013, advising Plaintiff of the importance of such motions and of the need for him to file adequate responses. ECF No. 56. Plaintiff responded to Defendant Pate's motion on February 14, 2014, making this motion ripe for consideration. ECF No. 80. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

1

73.02(B)(2)(d) and (e), D.S.C. Because Defendant Pate's motion is dispositive, a Report and Recommendation is entered for the court's review.[2]

I.   Background

Plaintiff is currently incarcerated at Ridgeland Correctional Institution ("Ridgeland"). Plaintiff filed a Complaint on May 20, 2013, in which he alleged that he went to sick call at Lee Correctional Institution ("Lee") on numerous occasions between 2004 and 2005 complaining of chest, feet, and leg pain only to be told that "there was nothing was wrong with him." ECF No. 1 at 3. Plaintiff contends that he was taken to Richland Memorial Hospital in March 2005 for bypass surgery and that this surgery was delayed due to SCDC personnel's concerns about the costs related to the surgery. *Id.* Plaintiff alleges that during the bypass surgery a vein in his leg was "inadvertently or mistakenly" removed which caused him to lose use of his leg, making him "cripple for the rest of [his] life." *Id.* Plaintiff contends that he was told his leg might need to be amputated. *Id.* at 4. Additionally, Plaintiff contends that he was treated unprofessionally and rudely by doctors and nurses at Lee and Kershaw Correctional Institutions who "denied and delayed [him] proper and adequate medical treatment," and he was told that nothing was wrong with him and was accused of being a "drug-seeker." *Id.* Plaintiff alleges that when he continued to complain about his medical care that he was "retaliated against" by SCDC when he was transferred to Ridgeland, which was "as far away from his [York County home] as possible." *Id.* Plaintiff also alleges that he was not provided with shoes prescribed for his diabetes, leaving his feet and legs very sore all the time, and that the medical personnel at Ridgeland refused to provide him with treatment for a rash that he was treated for while at Lee. *Id.* at 5. Plaintiff seeks injunctive relief, compensatory damages, exemplary damages, and punitive damages. *Id.* at 6.

---

[2] Other pending motions are addressed within.

II.     Standard of Review

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In construing a motion to dismiss, the facts, though not the legal conclusions, alleged in a plaintiff's pro se complaint must be taken as true. *Loe v. Armistead*, 582 F.2d 1291, 1292 (4th Cir. 1978); *Iqbal*, 556 U.S. 662. A pro se complaint should survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level" and beyond the level that is merely conceivable. *Id.* at 555. A pro se complaint should be liberally construed. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, a court is not required "to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or a legal conclusion unsupported by factual allegations. *Iqbal*, 556 U.S. at 679. Dismissal is appropriate when a complaint contains a description of underlying facts that fails to state a viable claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Twombly*, 550 U.S. at 558.

III.    Analysis

Defendant Pate moves to dismiss Plaintiff's Complaint for failure to state a claim. ECF No. 54-1 at 2. Defendant Pate contends that Plaintiff "has failed to put [Pate] on fair notice for what the claim is against him and the grounds upon which it rests." *Id.* at 4. Pate avers that Plaintiff has not asserted any facts, allegations or claims against Pate in his Complaint, and there is "no mention of any treatment performed by Defendant Pate, or any interaction at all between

3

Plaintiff and Defendant Pate within Plaintiff's Complaint." *Id.* Plaintiff's response in opposition to Defendant Pate's motion contends that his case should not be dismissed because

> Defendants has [sic] continued to deny adequate medical treatment to treat a deliberate indifference life threatening injury that was caused by the Defendants and is a permanent injury that will cause the Plaintiff to be disable[d] and to suffer for the rest of his life. The Defendant[s] are deliberately not providing this treatment in order to save money.

ECF No. 80 at 1.

To state a claim against a defendant in their individual capacity, a plaintiff must affirmatively show that the defendant acted personally in the deprivation of the plaintiff's constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Davis v. Villers,* C/A No. 5:12CV48, 2013 WL 459747 at *2 (N.D.W.Va. February 7, 2013).

The undersigned has reviewed Plaintiff's Complaint and notes that the Complaint does not contain any allegations against Defendant Pate. The undersigned, therefore recommends that Defendant Pate's Motion to Dismiss, ECF No. 54, be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 n.3 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009) (holding that bare allegations, unsupported by specific facts, are insufficient to survive a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6)). If the court accepts this recommendation, Defendant Pate's Motion for Summary Judgment, ECF No. 55, will be moot.

IT IS SO RECOMMENDED.

March 21, 2014                                         Kaymani D. West
Florence, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**