UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Fredrick Y. Culp, a.k.a., Fredrick Yvonne Culp, | C/A No. 5:13-cv-01342-JFA-KDW |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Dr. Alewine, Dr. Amonitti, Nurse Davis, Paul Drago, Yvonne McDonald, Michelle Ussemy, Doctor John Pate, | |
| Defendants. | |

Plaintiff, an inmate with the South Carolina Department of Corrections ("SCDC"), filed this 42 U.S.C. § 1983 action alleging Defendants violated his constitutional rights. This matter is before the court on Defendants Dr. Alewine, Dr. Amonitti, Nurse Davis, Paul Drago, Yvonne McDonald and Michelle Ussemy's Motion for Summary Judgment filed on January 16, 2014. ECF No. 68. As Plaintiff is proceeding pro se, the court entered a *Roseboro* order[1] on January 17, 2014, advising Plaintiff of the importance of such motions and of the need for him to file an adequate response. ECF No. 69. Plaintiff responded to Defendants' motion on February 14, 2014 making this motion ripe for consideration. ECF No. 80. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C.

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

1

Because Defendants' motion is dispositive, a Report and Recommendation is entered for the court's review.

I.  Background

Plaintiff is currently incarcerated at Ridgeland Correctional Institution ("Ridgeland"). Plaintiff filed a Complaint on May 20, 2013, in which he alleged that he went to sick call at Lee Correctional Institution ("Lee") on numerous occasions between 2004 and 2005 complaining of chest, feet, and leg pain only to be told that "there was nothing wrong with [him]." ECF No. 1 at 3. Plaintiff contends that he was taken to Richland Memorial Hospital in March 2005 for bypass surgery and that this surgery was delayed due to SCDC personnel's concerns about the costs related to the surgery. *Id.* Plaintiff alleges that during the bypass surgery a vein in his leg was "inadvertently or mistakenly" removed which caused him to lose use of his leg, making him "cripple for the rest of [his] life." *Id.* Plaintiff contends that he was told his leg might need to be amputated. *Id.* at 4. Additionally, Plaintiff contends that he was treated unprofessionally and rudely by doctors and nurses at Lee and Kershaw Correctional Institutions who "denied and delayed [him] proper and adequate medical treatment," and he was told that nothing was wrong with him and was accused of being a "drug-seeker." *Id.* Plaintiff alleges that when he continued to complain about his medical care that he was "retaliated against" by SCDC when he was transferred to Ridgeland, which was "as far away from his [York County home] as possible." *Id.* Plaintiff also alleges that he was not provided with shoes prescribed for his diabetes, leaving his feet and legs very sore all the time, and that the medical personnel at Ridgeland refused to provide him with treatment for a rash that he was treated for while at Lee. *Id.* at 5. Plaintiff seeks injunctive relief, compensatory damages, exemplary damages, and punitive damages. *Id.* at 6.

II.     Standard of Review

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989).

Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs*., 901 F.2d 387 (4th Cir. 1990).

III. Analysis

    A. Statute of Limitations

Defendants contend that Plaintiff's federal claims must be dismissed as they are time-barred. ECF No. 68-1 at 4. Plaintiff filed a Response in opposition to Defendants' summary judgment motion, but Plaintiff's Response does not address Defendants' statute of limitations argument. *See* ECF No. 80.

Section 1983 does not contain an express statute of limitations, therefore, in civil rights cases filed in the District of South Carolina this court applies South Carolina's general or residual personal injury statute of limitations. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (holding that "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions."). South Carolina's general or residual personal injury statute of limitations is three years. S.C. Code Ann. § 15-3-530(5).

The only dates referenced in Plaintiff's complaint are a 2004 to 2005 medical indifference claim concerning the purported denial and delay in treatment for Plaintiff's chest pains, although Plaintiff does contend generally that he is presently "suffering with ailments from the heart surgery, as well as being diabetic. I'm still being denied proper footwear by SCDC that was prescribed by my heart doctor." ECF No. 1 at 4. The undersigned finds that Plaintiff's claims related to his 2004 to 2005 medical treatment, as well as any claim that occurred before May 20, 2010, three years prior to Plaintiff filing his Complaint on May 20, 2013, are barred by South Carolina's three-year statute of limitations. Accordingly, the undersigned recommends that Defendants' be granted summary judgment on these claims.

B.    No Personal Allegations

Defendants contend that Plaintiff's Complaint should be dismissed because he "has failed to present the requisite degree of personal involvement by these particular Defendants."  ECF No. 68-1 at 7.  Defendants argue that although Plaintiff "generally alleges that these Defendants acted personally in connection with regard to his medical treatment to LCI, KRCI, and RCI, Plaintiff failed to sufficiently allege with any specificity exactly what actions or inactions for which these individuals should be held responsible or how such actions or inactions were violations of his constitutional rights."  *Id.*

Plaintiff's response in opposition to Defendants' motion contends that his case should not be dismissed because

> Defendants has [sic] continued to deny adequate medical treatment to treat a deliberate indifference life threatening injury that was caused by the Defendants and is a permanent injury that will cause the Plaintiff to be disable[d] and to suffer for the rest of his life.  The Defendant[s] are deliberately not providing this treatment in order to save money.

ECF No. 80 at 1.

To state a claim against a defendant in their individual capacity, a plaintiff must affirmatively show that the defendant acted personally in the deprivation of the plaintiff's constitutional rights.  *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).  When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed.  *See Leatherwood v. Ozmint*, No. Civ. A. 2:10-0048, 2010 WL 4644444 at *6 (D.S.C. Oct. 8, 2010).

The undersigned has reviewed Plaintiff's Complaint and finds that Plaintiff only specifically names Dr. Alewine and Nurse McDonald, who Plaintiff alleges denied and delayed providing him with "proper and adequate medical treatment" because of the costs associated with his heart surgery.  ECF No. 1 at 3-4.  Plaintiff provides no facts, either in his Complaint or

5

in the evidence offered in support of his opposition to Defendants' motion for summary judgment, that Defendants Dr. Amonitti, Nurse Davis, Paul Drago, and Michelle Ussemy had any personal involvement in the events detailed in his Complaint.  Accordingly, it is recommended that Defendants Dr. Amonitti, Nurse Davis, Paul Drago, and Michelle Ussemy be dismissed from this action for failure to state a claim.

C.     Failure to Exhaust

Defendants contend that Plaintiff's Complaint should be dismissed because Plaintiff has failed to exhaust his administrative remedies.  ECF No. 68-1 at 7.  42 U.S.C. § 1997e provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To satisfy this requirement, a plaintiff must avail himself of all available administrative review. *See Booth v. Churner*, 532 U.S. 731 (2001). Those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter*, 534 U.S. at 524 (quoting *Booth*, 532 U.S. at 739).

Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so properly." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Thus, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).  Defendants have the burden of establishing that a plaintiff failed to exhaust his administrative remedies. *Anderson v. XYZ Corr. Health Servs.*, *Inc.*, 407 F.3d 674, 683 (4th Cir.

2005). "However, '[d]efendants may . . . be estopped from raising non-exhaustion as an affirmative defense when prison officials inhibit an inmate's ability to utilize grievance procedures.'" *Stenhouse v. Hughes*, C/A No. 9:04-23150-HMH-BHH, 2006 WL 752876, at *2 (D.S.C. Mar. 21, 2006) (quoting *Abney v. McGinnis*, 380 F.3d 663, 667 (2d Cir. 2004)).

Defendants offer an affidavit from Ann Hallman, who is employed by SCDC as the Inmate Grievance Branch Chief, who attests that "from January 1, 2010 to the present date" Plaintiff did not file any grievances regarding the medical issues outlined in his Complaint, nor has Plaintiff filed grievances concerning any of the Defendants' behavior or Plaintiff's transfer to another institution.[2] Hallman Aff., ECF No. 68-2. Accordingly, Defendants argue that Plaintiff's Complaint should be dismissed. Plaintiff did not respond to Defendants' exhaustion argument.

The undersigned has reviewed the record before the court and finds that Defendants have presented sufficient evidence to establish that Plaintiff did not exhaust his administrative remedies prior to filing this lawsuit. Accordingly, it is recommended that Defendants be granted summary judgment.[3]

---

[2] Defendants assert that Plaintiff's grievance records appear to show he filed a grievance concerning his request for shoes. Plaintiff, however, has not identified which Defendant was involved in the denial of shoes, and therefore, the undersigned finds that this claim is not properly before the court. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 n.3 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009) (holding that bare allegations, unsupported by specific facts, are insufficient to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6)).

[3] Defendants have also moved for summary judgment arguing that they are entitled to qualified immunity from Plaintiff's lawsuit. ECF No. 68-1 at 9-12. To the extent the district judge finds that a constitutional violation has occurred, the undersigned recommends that Defendants be granted qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

IV.     Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendants Dr. Alewine, Dr. Amonitti, Nurse Davis, Paul Drago, Yvonne McDonald and Michelle Ussemy's Motion for Summary Judgment, ECF No. 68, be granted and that this case be dismissed.

IT IS SO RECOMMENDED.

March 21, 2014  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**