UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Fredrick Y. Culp, | ) | C/A No. 5:13-1342-JFA-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Dr. Alewine; Dr. Amonitti; Nurse Davis; Paul Drago; Yvonne McDonald; Michelle Ussemy; Dr. John Pate, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Fredrick Culp, is an inmate with the South Carolina Department of Corrections. He brings this action pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights relating to his medical care in 2004 and 2005. Plaintiff seeks injunctive relief and damages.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the plaintiff has failed to exhaust his administrative remedies and that the defendants' motion for summary judgment[2] should be granted. The

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment.

Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was notified of his right to file objections to the Report and Recommendation. The court has reviewed the objections and finds them repetitive of the same conclusory allegations in plaintiff's complaint and without specific reference to the issues raised by the Magistrate Judge. As such, the objections are overruled.

The Magistrate Judge properly notes in his Report that prisoners must exhaust their administrative remedies *prior to* filing a § 1983 suit in federal court. *See* 42 U.S.C. § 1997e(a), *Booth v. Churner*, 532 U.S. 731, 741 (2001); and *Porter v. Nussle*, 534 U.S. 516 (2002). The Magistrate Judge also opines that the defendant has met his burden of showing that the plaintiff failed to exhaust his administrative remedies. *See Anderson v. XYZ Correctional Health Svcs., Inc.*, 407 F.3d 674 (4th Cir. 2005); *Jones v. Bock*, 549 U.S. 199 (2007).

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is adopted and incorporated herein by reference.

Accordingly, the defendants' motion for summary judgment (ECF No. 68) on the issue of exhaustion is granted and plaintiff's complaint is dismissed for failure to exhaust his administrative remedies. Defendant Pate's motion to dismiss (ECF No. 54) is granted as well.

IT IS SO ORDERED.

July 14, 2014
Columbia, South Carolina

*/s/ Joseph F. Anderson, Jr.*
Joseph F. Anderson, Jr.
United States District Judge